IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH RICHARDSON, ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO. 3:2006-15 |
| ) | CRIMINAL NO. 3:2001-10 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | JUDGE GIBSON |
| ) | |
| Respondent. ) | |

# Memorandum Opinion and Order of Court

**GIBSON, J.**

Before the Court is the Petitioner's "Motion for Redress Pursuant to 28 U.S.C. § 2255" (Document No. 1). The Court treats this motion as if it is in substance a motion to vacate pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the Motion will be denied. The Petitioner also has filed a Motion to Strike (Document No. 5 at C.A. No. 3:2006-cv-15) which will also be denied.

The Petitioner sets forth six bases for his motion to vacate. Although the Court finds these six arguments to be meritless, the Court does not even reach the substantive issues of this petition because it agrees with the Government that the petition is untimely.

The present petition is presented to the court through the process set forth for federal habeas corpus review found in 28 U.S.C. § 2255. In regard to the timely filing of a petition under § 2255, that section reads in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The present petition was filed on January 26, 2006. The Petitioner was sentenced on March 11, 2002 and Judgment was entered the next day March 12, 2002. No notice of appeal was filed within the ten day limit prescribed by Federal Rule of Appellate Procedure 4(b)(1)(A). The last day for the Petitioner to have filed his appeal was March 22, 2002, but no appeal was filed and his conviction and sentence became final on March 23, 2002. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)(recognizing that conviction and sentence become final when no timely direct appeal is filed).

The Petitioner argues in a form motion that his motion is timely under § 2255 because "pursuant to 28 U.S.C. § 2255 (1), (3), this motion is deemed timely since it was filed less than a year after the United States Supreme Court issued its decision in *Blakely v. Washington*, [542 U.S. 296,] 124 S.Ct. 2531 [159 L.Ed.2d 403](2004) and *United States v. Booker*, [543 U.S. 220,]125 S.Ct. 738 [160 L.Ed. 621] (2005) - the cases upon which petitioner rely [sic] to bring this motion." Petitioner's Motion, (Document No. 1 at C.A. No. 3:2006-15), p. 12. The Petitioner then proceeds to cite *Dodd v. United States*, 545 US 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) and *Howard v. United States*, 374 F.3d 1068, 1081 (11th Cir. 2004) thereby relying upon section three of the above quoted provision of § 2255.

2

First, the Petitioner's reliance on *Blakely* is untimely and incorrect. *Blakely,* a 2004 case, and this petition's filing date of January 26, 2006 are beyond one year from each other and thus untimely under 28 U.S.C. § 2255. Additionally, and most importantly, *Blakely* did not apply to the Federal Sentencing Guidelines under which the Petitioner was sentenced. *See Blakely* 542 U.S. at 305, 124 S.Ct. 2531, 2538, 159 L.Ed.2d 403, 415, n. 9 ("The Federal Guidelines are not before us, and we express no opinion on them."). Therefore, the Petitioner's untimely reference to that case was an improper reliance in the first instance as that opinion gave him no basis to collaterally attack his federal conviction. The only hope for the Petitioner's claims would be the ruling in *Booker*, which applies directly to the Federal Sentencing Guidelines.

However, the petitioner's petition is also untimely in consideration of the *Booker* decision as well. The current petition was filed January 26, 2006; the *Booker* opinion was filed on January 12, 2005. In accordance with *Dodd, supra*, 28 U.S.C. § 2255 ¶ 6 § 3 is read to mean one year from the date the Court first recognized a "new" right: "Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 358-359, 125 S.Ct. 2478, 2482, 162 L.Ed.2d 343, 350. The Petitioner's petition is late by fourteen days as the one year anniversary of the *Booker* decision was on January 12, 2006. Furthermore, beyond the clear failure to comply with the time deadline, the Petitioner must comply with the two prerequisites of § 3, namely that the Supreme Court make a new rule and that it must apply retroactively. The United States concedes *Booker* announced a new rule. Government's Brief, (Document No. 38) p. 11. However, the Government

3

argues that the rule in *Booker* is not retroactive and makes a thorough analysis relying on the retroactivity principals set forth in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

In *Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 288, 163 L.Ed.2d 253 (2005), the Court of Appeals for the Third Circuit in applying the *Teague* analysis found that the *Booker* decision was indeed a new rule, as the Govenrment has already conceded. Nonetheless, the Third Circuit, in utilizing the *Teague* retroactivity analysis found that *Booker* did not apply retroactively to those cases collaterally attacking convictions which were finalized prior to the *Booker* decision, such as the case *sub judice*.

> Because *Booker* announced a rule that is "new" and "procedural," but not "watershed," *Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* issued. We will, therefore, affirm the August 11, 2004 order of the District Court dismissing Lloyd's § 2255 motion.

*United States v. Lloyd*, 407 F.3d 608, 615-616 (3d Cir. 2005).

Therefore, for these reasons, the Petitioner's motion is both untimely and without a legal basis and must be dismissed.

In accordance with Third Circuit Local Appellate Rule 22.2,[1] this Court must now determine

---

[1] Local Appellate Rule 22.2 reads:
At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge shall state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report it is sufficient if the order denying the certificate references the opinion or report. If the district judge has not made a determination as to whether to issue a certificate of appealability by the time of the docketing of the appeal, the clerk shall enter an order remanding the case to the district court for a prompt determination as to whether a certificate should issue.

if a certificate of appealability should issue to the Petitioner. As a result of the analysis above, the Court will not issue a certificate of appealability to the Petitioner pursuant to 28 U.S.C. § 2253(c). This conclusion is reached because the case law cited above clearly establishes that the *Booker* opinion does not apply retroactively to the collateral attack found in the case *sub judice* and other cases similar in nature. That is to say, the Court has not found the petitioner to have "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

As to the Petitioner's Motion to Strike, he claims that he requested his attorney to appeal his conviction in accordance with his letter of March 25, 2002, but that the attorney failed to do so and that Petitioner has since filed a previous motion under 28 U.S.C. § 2255 and a motion requesting information on the grand jury that indicted him. Motion to Strike, p. 1.

The separate motion for grand jury information was docketed on November 23, 2005 only at the Petitioner's criminal action number.[2] The earliest request for grand jury information was dated April 16, 2003 and is a letter to this district's jury administrator. Motion to Vacate, p. 30. This request for grand jury information is not in form or in substance a motion to vacate under 28 U.S.C. § 2255.

The Petitioner seeks application of equitable tolling in the present motion. *Id.* Equitable tolling appears to be permissible under § 2255, but "only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair'" with "[m]ere excusable neglect [not being] sufficient." *Miller v. New Jersey State Dept. Of Corrections*, 145 F.3d 616, 618-619 (3d Cir. 1998)(applying equitable tolling in an application for a certificate of appealability under a motion pursuant to 28 U.S.C.

---

[2]The Petitioner's Motion for Grand Jury Information (Document No. 30) is only docketed at Criminal No. 3:2001-10 and is discussed by the Court in a separate Memorandum Opinion.

5

§ 2254).

However, the Petitioner's equitable tolling argument does not save his current § 2255 motion as this motion, and the timing of its filing, has nothing to do with any collateral attack as the motion is linked to the pronouncement of a new rule of law that did not exist at the time of the Defendant's conviction. Motion to Vacate, pp. 25-26. Furthermore, there is no other § 2255 motion of record before the Court and the Defendant has not attached a copy of any such motion despite claiming that he wrote it on March 22, 2002. Motion to Strike, p. 1. Finally, the Petitioner's reference to his letter of March 25, 2002 directed to his attorney which he apparently claims contains his request for a direct appeal contains nothing to indicate that he wished at that time to make a collateral attack upon his conviction. Motion to Strike, p. 1. In fact, the Petitioner in his motion to vacate characterizes the March 25, 2002 letter as follows: "Informally informed the Court of the situation between the petitioner and his attorney and to confrim [sic] my wishes for a direct appeal. Ineffective procedural decisions my attorney made." Motion to Vacate, p. 16. The Defendant is also under the erroneous assumption that his conviction became final on March 26, 2002 the day after the date of this letter, but his conviction became final on March 23, 2002. Motion to Strike, p. 1; *Kapral, supra*. The Defendant's letter of March 25, 2002 and his present motion to vacate do not present any indication of his intent to collaterally attack his sentence on March 25, 2002, although it is clear that the Petitioner was unhappy with some of the tactical decisions of his defense counsel. Now, the Petitioner wishes to link the present motion and his request for equitable tolling of the one year limitation for this motion to vacate based upon a request for a direct appeal that in itself was untimely. The Court does not believe that the principles of equity should be used in this matter to excuse the one year statute of

limitations for a motion to vacate under 28 U.S.C. § 2255 when it is clear in this instance that the Petitioner was still seeking to have his attorney file a direct appeal as of March 25, 2002 because of issues the Petitioner believed existed in the evidence gathered against him. While there may have been differences in the strategy used by defense counsel and this Petitioner, the Petitioner was still supporting the attorney-client relationship and seeking his attorney's assistance in appealing this matter, not collaterally attacking his guilty plea and/or sentence because of any deficiency in his legal representation. Motion to Strike, Exhibit 1, pp.1-3.

    An appropriate Order follows.

    **AND NOW**, this 3rd day of January 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Petitioner's "Motion for Redress Pursuant to 28 U.S.C. § 2255" (Document No. 1 at C.A. No. 3:2006-15; Document No. 31 at Criminal No. 3:2001-10) is DENIED. IT IS FURTHER ORDERED THAT a certificate of appealability is also DENIED.

    IT IS FURTHER ORDERED THAT the Petitioner's Motion to Strike (Document No. 5 at C.A. No. 3:2006-15) is DENIED.

**BY THE COURT:**

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**